# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| GEORGE PARDY | § | |
| | § | |
| v. | § | Case No. 4:10-CV-684 |
| | § | Judge Schneider/Judge Mazzant |
| CHASE HOME FINANCE, L.L.C. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 23, 2012, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations on Defendant's Motion for Summary Judgment (Dkt. No. 30) and Defendant's Motion to Strike Plaintiff's Request for Jury Trial (Dkt. No. 41). The Magistrate Judge recommended that Defendant's Motion for Summary Judgment (Dkt. No. 30) be granted in part and denied in part, and Defendant's Motion to Strike Plaintiff's Request for Jury Trial (Dkt. No. 41) be granted.

This Court has made a *de novo* review of Defendant's Objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 50). Specifically, Defendant asserts that the Magistrate Judge should have dismissed Plaintiff's claims under the Texas Debt Collection Practices Act ("TDCPA"), in addition to dismissing Plaintiff's other claims. Defendant cites and argues additional case law not provided in Defendant's original briefing.

Under Texas law, "a plaintiff may not recover damages in tort for claims arising out of an unenforceable contract under the statute of frauds." *Burnette v. Wells Fargo Banks, NA.,* No. 4:09-CV-370, 2010 WL 1026968, at *7 (E.D. Tex. Feb. 16, 2010) (citing *Hugh Symons Group v. Motorola, Inc.*, 292 F.3d 466, 470 (5th Cir. 2002)); *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex.

2001). However, a plaintiff that is seeking "out-of-pocket damages incurred by relying upon a defendant's misrepresentations," may be able to recover those damages since they are not part of the "benefit of the bargain between the parties." *Burnette*, 2010 WL 1026968, at *7.

Plaintiff's claims arise from Defendant's alleged failure to modify Plaintiff's loan in accordance with an alleged oral agreement between the parties. The Magistrate Judge's Report found that Defendant's alleged oral promise to modify Plaintiff's loan was an oral modification of a loan agreement, and was unenforceable under the statute of frauds. REPORT at 4. In order for Plaintiff to recover damages, Plaintiff must show he suffered some out-of-pocket damages resulting from his reliance on Defendant's promise. Plaintiff does not provide any evidence indicating he suffered out-of-pocket damages due to his reliance on Defendant's promise, nor does Plaintiff plead for such damages in his Second Amended Complaint.

This Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct in part, and therefore adopts the Magistrate Judge's report as the findings and conclusions of the Court, in part.

It is hereby **ORDERED** that Defendant's Motion for Summary Judgment (Dkt. No. 30) is **GRANTED** in its entirety.

It is further **ORDERED** that Plaintiff Counsel Michael H. Rodger's Second Motion to Withdraw (Dkt. No. 54) is **GRANTED.**

**It is SO ORDERED.**

**SIGNED this 14th day of February, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE